In the MATTER OF: Deborah Marie AGARD, Respondent

Supreme Court Case No. 49S00–1710–DI–676

Supreme Court of Indiana.

Filed November 21, 2017

Published Order Accepting Resignation and Concluding Proceeding

Loretta H. Rush, Chief Justice of Indiana

Respondent has tendered to this Court an affidavit of resignation from the bar of this State, pursuant to Indiana Admission and Discipline Rule 23(17), which requires an acknowledgement that there is present-ly pending an investigation into or a pro-ceeding involving allegations of misconduct and that Respondent could not successfully defend herself if prosecuted.

**IT IS THEREFORE ORDERED that the resignation from the bar of this State tendered by Respondent is accept-ed effective immediately.** The Clerk of this Court is directed to record Respon-dent's resignation on the Roll of Attorneys. Respondent shall fulfill all the applicable duties under Admission and Discipline Rule 23(26).

IT IS FURTHER ORDERED that any attorney disciplinary proceedings pending against Respondent are hereby dismissed as moot because of Respondent's resigna-tion.

Respondent shall be ineligible to petition for reinstatement to the practice of law for five years from the date of this order. See Admis. Disc. R. 23(18)(b). If Respondent seeks reinstatement, the misconduct ad-

mitted in Respondent's affidavit of resignation, as well as any other allegations of misconduct, may be addressed in the reinstatement process. Approval of a petition for reinstatement is discretionary and requires clear and convincing evidence of the petitioner's remorse, rehabilitation, and fitness to practice law. Id. Acceptance of Respondent's resignation from the bar serves only to remove Respondent from the practice of law and does not relieve Respondent from any liability she might have for her misconduct under civil or criminal law.

The costs of this proceeding are assessed against Respondent.

All Justices concur.